UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GILES LETLOUGH**        Plaintiff | : | Case Number |
| vs. | : | |
| **EXPERIAN INFORMATION SOLUTIONS, INC.** & **EQUIFAX INFORMATION SERVICES, LLC** & **VERIZON COMMUNICATIONS, INC.** & **NORTH SHORE AGENCY, LLC** & **THE CBE GROUP, INC.** & **COLLECTO, INC. d/b/a EOS CCA**        Defendants | : | CIVIL COMPLAINT

JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Giles Letlough, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.    Plaintiff, Giles Letlough, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, as well as for relief from Defamation of Character.

### II. JURISDICTION

2.    Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

1

3. Venue in this district is proper in that Plaintiff resides in this District.

## III. **PARTIES**

4. Plaintiff, Giles Letlough (hereinafter referred to as "Plaintiff") is an adult natural person with an address of 20 North Preston Street, Apartment 1, Philadelphia, Pennsylvania 19104.

5. Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 955 American Lane, Schaumburg, Illinois 60173.

6. Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

7. Defendant, Verizon Communications, Inc. (hereinafter referred to as "Defendant Verizon"), at all times relevant hereto, is and was a company engaged in the business of selling cable, internet, and telephone products with an address of 500 Technology Drive, Suite 300, Weldon Spring, Missouri 63304.

8. Defendant, North Shore Agency, LLC (hereinafter referred to as "Defendant North Shore"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of New York and the Commonwealth of Pennsylvania with an office located at 270 Spagnoli Road Suite 110, Melville, New York 11747.

9. Defendant, The CBE Group, Inc. (hereinafter referred to as "Defendant CBE"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Iowa and the Commonwealth of Pennsylvania with an office located at 1309 Technology Drive, Cedar Falls, Iowa 50613.

10. Defendant, Collecto, Inc. d/b/a EOS CCA (hereinafter referred to as "Defendant EOS"), at all times relevant hereto, is and was a company engaged in the business of collecting debt within the State of Massachusetts and the Commonwealth of Pennsylvania with an office located at 700 Longwater Drive, Norwell, Massachusetts 02061.

### IV. FACTUAL ALLEGATIONS

11. In or around February 2015, Plaintiff transferred his internet service with Defendant Verizon to a new apartment and added a home telephone line.

12. Plaintiff ended up not moving into this new apartment.

13. Accordingly, in or around March 2015, Plaintiff transferred his Verizon internet service back to his old apartment and cancelled the home phone line.

14. Plaintiff did not have internet service with Defendant Verizon for a month thereafter, but was still charged for the same by Defendant Verizon.

15. Plaintiff continued to pay his monthly bill with Defendant Verizon as agreed.

16. In or about October 2015, Plaintiff received a collection notice from Defendant North Shore demanding $128 as to an alleged account of Defendant Verizon.

17. Upon calling North Shore, Plaintiff was advised by Defendant North Shore that this debt stems from a home phone line Plaintiff allegedly had with Defendant Verizon from 2011 to 2015.

18. Despite Defendant North Shore's assertion, Plaintiff did not have any home phone line from 2011 to 2015.

19. Plaintiff tried to explain to Defendant North Shore that he did not owe the alleged debt but they would not lend any further assistance outside of trying to collect an invalid debt.

20. Plaintiff immediately called Defendant Verizon after speaking with Defendant North Shore about this matter, and was advised that he actually had a credit balance on his account with Defendant Verizon.

21. On or about July 1, 2015, Plaintiff received a bill from Defendant Verizon for $132 separate from his usual monthly bill that he consistently paid.

22. On or about November 1, 2015, Plaintiff received a bill for $128 from Defendant Verizon separate from his usual monthly bill that he consistently paid.

23. On or about December 7, 2015, Plaintiff called Defendant Verizon to inquire as to why he was getting these bills but Defendant Verizon could not tell Plaintiff what these bills were, nor could they explain why he was receiving bills despite the fact that he had a credit balance on his account with Defendant Verizon.

24. On or about December 10, 2015, Plaintiff received a collection notice from Defendant North Shore for $128 as to a separate alleged account of Defendant Verizon, despite being advised three (3) days earlier that he had a credit balance on his account with Defendant Verizon.

25. On or about December 25, 2015, Plaintiff received a bill from Defendant Verizon showing a $241 credit with Defendant Verizon.

26. On or about January 4, 2016, Plaintiff received a collection notice from Defendant CBE for $132 as to an alleged account that was separate and apart from his typical monthly bill from Defendant Verizon.

27. Plaintiff did not and does not owe any other alleged debt with Defendant Verizon besides his typical monthly bill.

28. On or about January 6, 2016, Plaintiff noticed that Defendant Equifax was reporting a Verizon account with a balance of $128, and Defendant Experian was reporting one Verizon account with a balance of $132 and another Verizon account with a balance of $128.

29. On or about January 7, 2016, Plaintiff received a bill for $150 from Verizon, which encompassed the alleged $128 bill plus an additional unspecified $20 charge with taxes.

30. On or about January 13, 2016, Plaintiff received a collection notice from Defendant EOS for $128 as to an alleged account with Defendant Verizon aside from his usual monthly bill that he consistently paid.

31. At this time, Defendant Verizon was reporting on Plaintiff's credit reports that Plaintiff allegedly owed $128 as to this alleged $150 account.

32. Plaintiff did not and does not owe this alleged debt; in fact, none of these alleged collection accounts with Defendant Verizon belong to Plaintiff.

33. On or about January 14, 2016, Plaintiff disputed the accuracy of the trade lines of Defendant Verizon directly with Defendant Verizon.

34. As of the date of the filing of this Complaint, Defendant Verizon has not responded to Plaintiff's dispute.

35. On or about January 14, 2016, Plaintiff disputed the accuracy of the trade lines of Defendant Verizon with Defendants Experian and Equifax.

36. In response to Plaintiff's disputes, Defendants Equifax and Experian did not correct the inaccuracies within the trade lines of Defendant Verizon, and instead notified Plaintiff that these accounts had been "verified."

37. As of the date of the filing of this Complaint, Defendants Equifax and Experian continue to report the trade lines of Defendant Verizon inaccurately.

38. As a result of Defendants' continued inaccurate credit reporting, Plaintiff's credit score has dropped substantially, thereby causing the Plaintiff to refrain from applying for additional credit.

39. The Defendants acted with actual malice in willfully continuing to report inaccurate and misleading information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

40. Aside from the inaccurate and misleading information reported pertaining to the alleged accounts of Defendant Verizon, Plaintiff has an excellent credit history.

41. As a result of Defendants' conduct, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, local or long telephone calls, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

42. As a result of Defendants' conduct, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

43. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

44. As a result of Defendants' conduct, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

## COUNT I – FCRA
*Plaintiff v. Experian, Equifax & Verizon*

45. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

46. At all times pertinent hereto, Defendants Equifax and Experian were "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(b) and (f).

47. At all times pertinent hereto, Defendant Verizon was a "furnisher" within the meaning and context of the Fair Credit Reporting Act.

48. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

49. At all times pertinent hereto, the above mentioned credit reports were "consumer reports" as that terms is defined by 15 U.S.C. §1681a(d).

50. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Equifax and Experian are liable to the Plaintiff for engaging in the following conduct:

    (a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e) Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e(8).

51. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Verizon is liable to the Plaintiff for engaging in the following conduct:

(a) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being provided with proof of its inaccuracy; and

(b) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy; and

(c) Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b); and

(d) Reporting information with actual knowledge of errors in violation of 15 U.S.C. §1681s-2(a)(1)(A); and

(e) Reporting information after notice and confirmation of errors in violation of 15 U.S.C. §1681s-2(a)(1)(B); and

(f) Failing to correct and update information in violation of 15 U.S.C. §1681s-2(a)(2)(B); and

(g) Failing to provide notice of dispute in violation of 15 U.S.C. §1681s-2(a)(3); and

(h) Failing to conduct an investigation with respect to disputed information in violation of §1681s-2(a)(8).

52. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against the above named Defendants for the following:

a. Actual damages;

d. Statutory damages pursuant to 15 U.S.C. §1681n;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – FDCPA

*Plaintiff v. North Shore, CBE & EOS*

53. The above paragraphs are hereby incorporated herein by reference.

54. At all times relevant hereto, Defendants were attempting to collect alleged debts which were incurred by Plaintiff for personal, family or household purposes and are "debts" as defined by 15 U.S.C. § 1692a(5).

55. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692e(10): | Any false representative or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1): | Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the above named Defendants for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

10

c.	Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.	Such additional and further relief as may be appropriate or that the interests of justice require.

d.	Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III– DEFAMATION OF CHARACTER
*Plaintiff v. Experian, Equifax & Verizon*

56.	Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57.	Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

58.	Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

59.	The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

60.	Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

61.	The falsehoods within the trade lines of Defendant Verizon constitute falsehoods concerning Plaintiff's credit history.

62. Defendants knew or reasonably should have known that the information regarding the trade lines of Defendant Verizon which they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

63. Defendants continue to publish the false and negative information within the trade lines of Defendant Verizon on Plaintiff's credit history up through the present time.

64. Defendants knew that the information within the trade lines of Defendant Verizon on Plaintiff's credit report were false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

65. The publications of the information within the trade lines of Defendant Verizon on Plaintiff's credit report constitute libel per se.

66. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

67. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against the aforementioned Defendants for the following:

a. Actual damages;

b. Statutory damages;

c.      Punitive damages;

d.      An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: March 2, 2016      BY: */s/Brent F. Vullings*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike, Suite 102
Collegeville, PA 19426
610-489-6060
Attorney for Plaintiff